**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**ALBERT LEE JOHNSON, ADC #86314**                                      **PLAINTIFF**

**v.**                          **Case No. 5:12-cv-00361-KGB-JJV**

**UNITED STATES OF AMERICA, et al.**                                    **DEFENDANTS**

<u>**ORDER**</u>

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 81) and the objections filed by plaintiff Albert Lee Johnson (Dkt. No. 84).  The Court also has reviewed Mr. Johnson's motion to amend and supplement his objections to the Proposed Findings and Recommended Disposition (Dkt. No. 85).  After carefully considering these filings and making a *de novo* review of the record, the Court approves and adopts in their entirety the Proposed Findings and Recommended Disposition as this Court's findings in all respects.

In his objections and motion to amend and supplement his objections, which Mr. Johnson filed after Magistrate Judge Volpe entered the Proposed Findings and Recommended Disposition, Mr. Johnson makes other miscellaneous requests for relief. The Court denies as moot these requests.

The Court writes separately to address Mr. Johnson's objections regarding his procedural due process claims against defendants Sherry Conrad, Regina Goldman, and Barbara Smallwood.  Mr. Johnson argues that Ms. Conrad, Ms. Goldman, and Ms. Smallwood are not entitled to qualified immunity because *Bonner v. Outlaw*, 552 F.3d 673, 679 (8th Cir. 2009), put them on notice of his alleged procedural due process right to notice that they had returned to the Department of Veteran's Affairs ("VA") a check that had been mailed and addressed to Mr.

Johnson.  The Court finds this case materially distinguishable from *Bonner*.  Here, unlike in *Bonner* or its progeny, the sender of the mail instructed prison officials to return the mail to the sender prior to the prisoner having received the mail.  The sender of Mr. Johnson's check, the VA, directed the Arkansas Department of Correction ("ADC") Trust Fund Centralized Bank in Pine Bluff, Arkansas, to return the check to the VA.

The Court determines that qualified immunity applies to Mr. Johnson's claims against Ms. Conrad, Ms. Goldman, and Ms. Smallwood because the Court concludes that their alleged conduct did not violate a clearly established constitutional right of which a reasonable person would have known.  To conclude that the right that the government official allegedly violated is clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  Though a case directly on point is not required, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011).  Courts should not "define clearly established law at a high level of generality." *Id.* at 2084.  The Eighth Circuit "applies a flexible standard, requiring some, but not precise factual correspondence with precedent, and demanding that officials apply generally, well-developed legal principles." *Coates v. Powell*, 639 F.3d 471, 476 (8th Cir. 2011) (quoting *J.H.H. v. O'Hara*, 878 F.2d 240, 243 (8th Cir. 1989)); *see Mettler v. Whitledge*, 165 F.3d 1197, 1202-03 (8th Cir. 1999) ("[T]his generalized right to be free from an unreasonable use of excessive force during a police seizure does not clearly establish a right for purposes of a qualified-immunity analysis.  Rather, [plaintiff] must show the right was clearly established in a particularized sense relevant to the case at hand." (citations omitted)).  "Although earlier cases need not involve fundamentally or materially similar facts, the earlier cases must give officials

'fair warning that their alleged treatment of [the plaintiff] was unconstitutional.'" *Meloy v. Bachmeier*, 302 F.3d 845, 848 (8th Cir. 2002) (alteration in original) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)).  Moreover, the Eighth Circuit has held that, "[i]n the absence of binding precedent, a court should look to all available decisional law, including decisions of state courts, other circuits and district courts." *Buckley v. Rogerson*, 133 F.3d 1125, 1129 (8th Cir. 1998) (quoting *Norfleet v. Ark. Dep't of Human Servs.*, 989 F.2d 289, 291 (8th Cir. 1993)).

After a thorough review of all authorities, the Court determines that defendants Ms. Conrad, Ms. Goldman, and Ms. Smallwood were not on notice at the time of their alleged actions that Mr. Johnson had a clearly established constitutional right to notice that his check had been returned to the VA at the direction of the check's sender, the VA.  Mr. Johnson has not met his burden of proving that the law was clearly established; therefore, Ms. Conrad, Ms. Goldman, and Ms. Smallwood are entitled to qualified immunity over Mr. Johnson's claims that they violated his procedural due process rights. *Hess v. Ables*, 714 F.3d 1048, 1051 (8th Cir. 2013).

The Court therefore orders that:

1.     Defendants' motion for summary judgment is granted (Dkt. No. 62).

2.     Plaintiff's motion for partial summary judgment is denied (Dkt. No. 65).

3.     Plaintiff's complaint against defendants James Banks, Sherry Conrad, Marvin Evans, James Gibson, Regina Goldman, Grant Harris, Ray Hobbs, Larry May, Curtis Meinzer, and Barbara Smallwood, is dismissed with prejudice.

4.     Defendant John Doe #2 is dismissed without prejudice.

SO ORDERED this 25th day of March, 2015.

Kristine G. Baker
United States District Judge

3