# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ALBERT LEE JOHNSON                                                                    PLAINTIFF
ADC #86314

v.                                     5:12CV00361-KGB-JJV

UNITED STATES OF AMERICA; *et al.*                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

**I.      INTRODUCTION**

Albert Lee Johnson ("Plaintiff") is an inmate at the Varner Unit of the Arkansas Department of Correction ("ADC"). He filed this action *pro se* pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346; *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); 42 U.S.C. §§ 1983 and 1985; and state law, against the United States of America and individual federal and state officials. (Doc. No. 27.) The allegations in his Amended Complaint include negligent reduction of his Veterans Administration ("VA") retroactive disability benefits; due process violations associated with delays in distribution of his benefit checks; conspiracy to interfere with his civil rights; denial of equal protection, freedom of expression, freedom of association, and freedom to practice his religious beliefs; denial of his right to be free from the unreasonable seizure of property; conversion; and negligent infliction of emotional distress. (*Id.*)

Following prior dismissal orders (Doc. Nos. 55, 88) and a judgment on appeal (Doc. No. 96), only one claim now remains: that Defendants Sherry Conrad, Barbara Smallwood, Regina Goldman, and Marilyn Hutcheson violated Plaintiff's due process rights by failing to provide him notice that a check payable to him for retroactive disability benefits was returned to its sender, the VA. (Doc. No. 27 at 60-62.) Defendants Conrad, Smallwood, Goldman, and Hutcheson have filed a Motion

for Summary Judgment, asserting they are entitled to judgment as a matter of law on this claim. (Doc. Nos. 115-17.) Plaintiff has not responded to the Motion, and the time for doing so has passed. After careful consideration of the Motion and Plaintiff's Amended Complaint, for the following reasons, I find summary judgment is appropriate and this action should be DISMISSED.

## II.   FACTS

The facts relevant to the remaining claim are as follows. Plaintiff is a disabled veteran who served in the United States Army in October and November of 1973. (Doc. Nos. 27 at 11; 117 at 1.) During his incarceration, he regularly received benefit checks from the VA in the amount of $123.00. (Doc. Nos. 115-2 at 2, 117 at 2.) Plaintiff had a longstanding dispute with the VA over the effective date of his benefits. (Doc. No. 27 at 12.) That dispute was litigated and finally resolved in August 2009, when the VA granted Plaintiff an earlier effective date and awarded him residual benefits. (*Id*. at 16.) The VA issued an award notification on October 5, 2009. (*Id*. at 17.)

A VA check for $12,651.57 was issued to Plaintiff on January 14, 2010, and received in the Varner Unit mail room sometime before January 25, 2010. (*Id*. at 23, Doc. No. 117 at 2.) Pursuant to ADC procedure, Defendant Conrad, the Varner Unit Mailroom Supervisor, forwarded the check to Defendant Smallwood, the Varner Unit Business Operations Specialist. (Doc. Nos. 27 at 24, 115-4 at 1.) Defendant Smallwood then forwarded the check to the ADC Trust Fund Centralized Banking Unit ("TFCB") for processing and authentication, also pursuant to ADC procedure. (Doc. No. 115-1 at 2.) Because this particular check was for an unusually large amount, more than the $123.00 Plaintiff typically received from the VA, Defendant Hutcheson, Fiscal Support Specialist at the TFCB, contacted the VA in order to authenticate the check. (Doc. No. 115-3 at 2.) The VA requested return of the check. (*Id*.) On January 25, 2010, Defendant Goldman, Fiscal Support Supervisor at the TFCB, notified Defendant Smallwood by email that the VA had requested return

3

of the check.  (Doc. No. 115-2 at 2, 5.)  The check was returned, and Plaintiff did not receive notice.  (Doc. Nos. 27 at 25, 117 at 3.)

Plaintiff became aware that the check had been returned to the VA when he called the VA help line on March 4, 2010.  (Doc. No. 27 at 25-26.)  The VA issued a corrected award notification on June 2, 2010.  (*Id*. at 35, Doc. No. 115-1 at 9.)  On September 23, 2010, the VA notified Plaintiff by letter that he would be receiving his retroactive benefits payment within ten days.  (Doc. Nos. 27 at 39, 115-1 at 8.)  On October 1, 2010, Plaintiff received a check from the VA in the amount of $13,748.00.  (Doc. No. 27 at 40.)  This check was authenticated and deposited into his inmate trust account.  (*Id*., Doc. No. 115-1 at 2-3, 6-7.)

## III.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"  Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or

fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV.   ANALYSIS

Defendants seek summary dismissal on three points. First, Defendant Hutcheson asserts she is not a party to this action because she was originally named as a John Doe in a personal-capacity claim and has never been served. (Doc. No. 116 at 6.) Defendant Hutcheson contends any amendment would not relate back to the filing of Plaintiff's Complaint and Plaintiff's claim against her is now time-barred. (*Id.*) Second, Defendants Conrad, Goldman, and Hutcheson assert Plaintiff's claims against them are barred by the Prison Litigation Reform Act ("PLRA") because Plaintiff failed to exhaust his administrative remedies against them and has shown no injury. (*Id.* at 8.) Third, Defendants Conrad, Smallwood, Goldman, and Hutcheson all argue they are entitled to qualified immunity because they did not violate Plaintiff's due process rights and acted objectively reasonable under the circumstances. (*Id.* at 9.)

### A.   Defendant Hutcheson's Status

Defendant Hutcheson was originally named as John Doe #2 and identified only as TFCB personnel. (Doc. Nos. 2 at 8, 27 at 9.) From the time of filing the original Complaint on September 17, 2012, through the time of filing the Amended Complaint on April 17, 2013, until Plaintiff appealed to the Eighth Circuit in May 2015, Plaintiff made no attempt to identify Hutcheson or substitute her for John Doe #2. The Order on appeal dismissed John Doe #2 without prejudice on the basis that he or she had not been identified. (Doc. Nos. 81 at 3, 88 at 3.) However, in

5

reversing the grant of summary judgment in favor of Defendants Conrad, Smallwood, Goldman, and John Doe #2, the Eighth Circuit noted Plaintiff had identified John Doe #2 as Marilyn Hutcheson in his appellate brief. (Doc. No. 95 at 4, n. 2.) The Eighth Circuit specifically instructed as follows: "She should therefore be substituted on remand." (*Id*.) Pursuant to that directive, this Court entered an Order on May 16, 2016, instructing the Clerk's office to modify the docket to reflect that John Doe #2 is appropriately Marilyn Hutcheson. (Doc. No. 97.) But Defendant Hutcheson has never been served.

Defendant Hutcheson now contends she is actually not a defendant. While I find Federal Rule of Civil Procedure 25 inapplicable in this situation,[1] Defendant Hutcheson is correct that Plaintiff has never amended his Complaint or Amended Complaint to add her as a party. This Court effectively added her as a party pursuant to an instruction from the Eighth Circuit, but, even assuming that constituted a proper amendment, Defendant Hutcheson has not been served. Accordingly, I find this Court lacks jurisdiction over her. *See, e.g.*, *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982) ("Unless a defendant voluntarily makes an appearance or waives defective service, a federal court is without jurisdiction to render personal judgment against a defendant if service of process is not made in accordance with applicable federal or state statutory requirements.").

Furthermore, even assuming Defendant Hutcheson had been properly named and served, Plaintiff's claim against her is now time-barred. The forum state's statute of limitations for personal injury actions serves as the statute of limitations for claims brought pursuant to § 1983, and in

---

[1] *See Kuelbs v. Hill*, 615 F.3d 1037, 1042 (8th Cir. 2010) (explaining that Rule 25 governs four situations: when a party dies, when a party becomes incompetent, when a party transfers its interest in the lawsuit to someone else, and when a public officer is a party and dies, resigns, or otherwise ceases to hold office).

6

Arkansas, the statute of limitations for personal injury actions is three years. *See Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991). Plaintiff's claim regarding the lack of notice of the returned VA check accrued, at the latest, in March 2010 when he became aware of the check's return. Thus, construing either the Eighth Circuit's May 13, 2016, *per curiam* opinion or this Court's May 16, 2016, Order as the operative "amendment," Plaintiff's claim against Defendant Hutcheson is clearly time-barred unless the amendment relates back to the filing of the original Complaint on September 17, 2012.

An amendment identifying a defendant by name will relate back to a previously filed complaint against a John Doe defendant only when the conditions set forth in Federal Rule of Civil Procedure 15(c) are satisfied. *Foulk v. Charrier*, 262 F.3d 687, 696 (8th Cir. 2001). Pursuant to that rule, an amendment changing a party or the naming of a party against whom a claim is asserted relates back to the date of the original pleading if: (1) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; (2) within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment received such notice of the action that it will not be prejudiced in defending on the merits; and (3) within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c); *see also Lee v. Airgas Mid-S., Inc.*, 793 F.3d 894, 897 (8th Cir. 2015).

Defendant Hutcheson asserts she did not have notice of the case or cause to know she could be involved in the case until after the Rule 4(m) deadline, which is ninety days after the filing of the complaint. She notes Plaintiff's discovery requests could have "tipped her off" (Doc. No. 116 at 7)

7

or, more precisely, tipped her would-be attorney off. An exhibit submitted in support of the Motion for Summary Judgment shows those requests were sent on July 16, 2013, ten months after the filing of Plaintiff's original Complaint. (Doc No. 115-5.) In addition, some courts have observed that a new defendant may have constructive notice of an action when that defendant retains the same attorney as an original defendant and that attorney should have known the new defendant would be added. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 223 (3d Cir. 2003); *Parrish v. Metro. Life Ins. Co.*, 2008 WL 2519757 (E.D. Ark. June 20, 2008). However, the "shared attorney" method of imputing notice requires some showing that the attorney, within the Rule 4(m) period, had some communication or relationship with the newly named defendant and thus gave notice. *Parrish*, 2008 WL 2519757 at 4 (citing *Garvin*, 354 F.3d at 225). Here, as in *Parrish*, Plaintiff has produced no evidence to show Defendant Hutcheson communicated with the attorney she now shares with the other Defendants during the relevant time period or that she received notice through that attorney. Another method of imputing notice is to show a sufficient identity of interests between the original and new parties; however, such parties must be so closely related in their activities that the institution of an action against one serves to provide notice of the litigation to the other. *See Jones v. Faulkner Cty., Ark.*, 2017 WL 157729 (E.D. Ark. Jan. 10, 2017) (citing *Schrader v. Royal Caribbean Cruise Line, Inc.*, 952 F.2d 1008, 1012 (8th Cir. 1991)). This cannot be said of Defendant Hutcheson and her co-defendants. I find no authority holding that employees of the same employer have a sufficient nexus of interest such that notice given to one can be imputed to another. *See id.*

For these reasons, I find Plaintiff has failed to establish the second and third requirements of relation back under Rule 15(c). He has not shown that Defendant Hutcheson received notice of the action within ninety days of the filing of the Complaint, nor has he shown that she knew or

8

should have known the action would have been brought against her but for a mistake of identity.[2] Because Defendant Hutcheson has not been served and Plaintiff's claim against her is barred by the statute of limitations, I recommend she be dismissed from this action. While a dismissal for failure to serve would ordinarily be without prejudice under Rule 4(m), Plaintiff's claim against Defendant Hutcheson should be dismissed with prejudice because it is time-barred.

    **B.    PLRA**

        1.    Exhaustion

Defendants Conrad, Goldman, and Hutcheson argue Plaintiff failed to exhaust his administrative remedies against them. The PLRA requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.*

Plaintiff's allegations are governed by ADC Administrative Directive 09-01, "Inmate Grievance Procedure," which Defendants have submitted in support of their Motion for Summary

---

[2] I note the majority rule that Rule 15(c) requires an actual mistake regarding a party's identity, not including the naming of a John Doe when a plaintiff is ignorant as to a party's identity. *See Archer v. Singh*, 2008 WL 4368837 (E.D. Ark. Sept. 22, 2008). The Eighth Circuit has not ruled on this issue. *Id.*

9

Judgment. (Doc. No. 115-6 at 4.) That procedure provides inmates are required to first attempt informal resolution of a problem or complaint by completing the Unit Level Grievance Form and presenting it to a designated problem-solver. (*Id*. at 8-9.) An inmate submitting the form must, among other things, provide a "brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (*Id*. at 8.) An inmate dissatisfied with informal resolution may then proceed by filing a formal grievance, and an inmate dissatisfied with a warden's response to a formal grievance may then appeal to the appropriate chief deputy, deputy, or assistant director. (*Id*. at 11-13.) The procedure specifically states inmates must "exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit[.]" (*Id*. at 20.)

  Defendants have submitted the Declaration of Barbara Williams, ADC Grievance Supervisor, which states Plaintiff did not exhaust any grievance against Defendants Conrad, Goldman, or Hutcheson because he did not specifically name any of them in an exhausted grievance. (Doc No. 115-6 at 2.) Defendants have also submitted the grievances Plaintiff pursued regarding the return of the VA check, and those grievances corroborate Ms. Williams's testimony. The first three grievances Plaintiff submitted – two on March 8, 2010, and one on March 29, 2010 – named Defendant Smallwood but did not name Defendants Conrad, Goldman, or Hutcheson. (*Id.* at 33, 42, 57.) Plaintiff did name Defendants Goldman and Hutcheson ("Ms. Marilyn") in his appeal of the first grievance, and he named Defendants Conrad and Goldman in his appeal of the third grievance. (*Id*. at 37, 67.) However, this does not comply with ADC procedure regarding the information required in a Unit Level Grievance Form. (*Id*. at 8.) Plaintiff submitted three more grievances – two on January 10, 2012, and one on January 11, 2012. (*Id.* at 71, 77, 81.) Both of the January 10

grievances named Defendants Smallwood and Goldman, and the January 11 grievance named Defendants Conrad, Smallwood, and Goldman. (*Id*. at 71, 77, 81.) However, all three of these grievances and their subsequent appeals were rejected on the basis of untimeliness, as they were not submitted within fifteen days after the occurrence of the incident, as required by ADC procedure. (*Id*. at 8, 71-73, 77-79, 81-84.)

In sum, Defendants' evidence shows Plaintiff failed to exhaust his administrative remedies against Defendants Conrad, Goldman, and Hutcheson because he did not complete the administrative review process in accordance with ADC procedure. Accordingly, Plaintiff's claims against these Defendants should be dismissed.

  2. Injury[3]

Next, Defendants argue Plaintiff's claims are barred because he did not suffer any injury, physical or otherwise. (Doc. No. 116 at 9.) Defendants cite a provision of the PLRA, 42 U.S.C. § 1997e(e), which states no federal civil action may be brought by a prisoner for mental or emotional injury without a prior showing of physical injury. I am not convinced that Plaintiff's action is one for mental or emotional injury, and even if it were, other courts have questioned the applicability of this provision in cases of constitutional violations that rarely result in physical injuries, such as First or Fourteenth Amendment violations. *See, e.g.*, *Siggers-El v. Barlow*, 433 F. Supp. 2d 811, 816 (E.D. Mich. 2006). Defendants also cite the more general rule that no compensatory damages may be awarded in a § 1983 suit absent proof of actual injury. *See, e.g.*, *Farrar v. Hobby*, 506 U.S. 103, 112 (1992). At the same time, however, "the denial of procedural due process should be actionable for nominal damages without proof of actual injury." *Id.* (quoting *Carey v. Piphus*, 435 U.S. 247,

---

[3]I realize my inquiry ends after determining Plaintiff failed to exhaust his administrative remedies. However, given the age of this case, out of an abundance of caution and for the sake of judicial economy, I will proceed with analyzing all of Defendants' arguments.

266 (1978)). Thus, courts are obligated to award nominal damages when a plaintiff establishes the violation of his right to procedural due process but cannot prove actual injury. *Id*.

It is true that a claim alleging denial of the right of access to the courts requires proof of actual injury. *See White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) ("To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim."). With respect to the return of the VA check, Plaintiff has stated both a due process claim and a claim alleging denial of meaningful access to the courts. (Doc. No. 27 at 61-62, 66.) Following the Eighth Circuit's *per curiam* opinion, only the due process claim remains. (Doc. No. 95 at 3.) Pursuant to *Farrar*, the Court is obligated to award Plaintiff nominal damages if he establishes the violation of his right to procedural due process, even absent proof of actual injury. Accordingly, I do not recommend summary dismissal on this basis.

### C. Qualified Immunity

Lastly, Defendants contend they are entitled to qualified immunity. (Doc. No. 116 at 9.) They acknowledge the Eighth Circuit Court of Appeal's holding that Plaintiff had a clearly established procedural due process right to receive notice that his mail was being rejected; however, they point out the qualified immunity inquiry includes another element – namely, whether, taking the facts in the light most favorable to Plaintiff, the alleged facts demonstrate Defendants violated his procedural due process rights. *See, e.g.*, *Lindsey v. City of Orrick, Mo.*, 491 F.3d 892, 897 (8th Cir. 2007).

I find merit in Defendants' assertion that the alleged facts do not demonstrate a violation of Plaintiff's procedural due process rights because Plaintiff ultimately received the notice ADC

personnel did not provide to him. (Doc. No. 116 at 11.) The Eighth Circuit's opinion in *Bonner v. Outlaw*, 552 F.3d 673 (8th Cir. 2009), is instructive on this point. There, the plaintiff alleged a violation of his procedural due process rights on the basis he was not given notice that mail sent to him was rejected by the prison. *Id.* at 676. The defendant responded, in part, that there was no constitutional violation because the plaintiff "did in fact receive notice from his attorney that his packages were rejected." *Id*. at 679. The Eighth Circuit noted the plaintiff was actually alleging harm from the *delay* in receiving notice, which raised a fact issue not suitable for resolution on a motion to dismiss. *Id.*

Similarly, Plaintiff acknowledges he received notice of the returned VA check on March 4, 2010, when he called the VA help line, and he alleges harm from the delay in receiving notice. (Doc. No. 27 at 25-26, 61-62.) The fact question here is suitable for resolution at this stage, as Plaintiff has failed to meet Defendants' proof with proof and establish a genuine dispute as to a material fact. The crux of Plaintiff's argument is the return of the VA check precluded his ability to retain counsel to file a petition for writ of habeas corpus on his behalf. Because Plaintiff had to represent himself in that action, he alleges he mistakenly filed the petition too late on November 3, 2010, and it was dismissed as untimely. (*Id.* at 62.) But, as Defendants point out, and as Plaintiff himself acknowledges, the habeas petition was not due until late August 2010. (*Id.*, Doc. No. 117 at 4.) Thus, there was a period of nearly six months after Plaintiff learned of the returned check in which he could have sought the services of an attorney to file a timely habeas petition on his behalf. Plaintiff has come forward with no explanation or evidence to the contrary. "[A] person cannot complain about the constitutionality of the method used to provide notice when he or she has received actual notice (assuming it is timely), for he or she has suffered no harm." *Nunley v. Dep't of Justice*, 425 F.3d 1132, 1139 (8th Cir. 2005).

For this reason, Defendants are entitled to judgment as a matter of law, and Plaintiff's claims against them should be dismissed with prejudice.

## V.   SUMMARY

Because Defendant Hutcheson has not been served and Plaintiff's claim against her is now barred by the statute of limitations, she should be dismissed from this action with prejudice. Defendants Conrad and Goldman are entitled to dismissal due to Plaintiff's failure to exhaust his administrative remedies against them; while this would ordinarily be a dismissal without prejudice, they are also entitled to dismissal on the basis of qualified immunity, and the dismissal should therefore be with prejudice.  Finally, Plaintiff's claim against Defendant Smallwood should be dismissed with prejudice on the basis of qualified immunity.  Defendants' Motion for Summary Judgment should be GRANTED.

## VI.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Second Motion for Summary Judgment (Doc. No. 115) be GRANTED.

2. Plaintiff's Amended Complaint (Doc. No. 27) be DISMISSED WITH PREJUDICE.

DATED this 9th day of March, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE