# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**ALBERT LEE JOHNSON**                                                          **PLAINTIFF**
**ADC #86314**

**v.**                                 **Case No. 5:12-cv-00361 KGB-JJV**

**UNITED STATES OF AMERICA;** *et al*                                          **DEFENDANTS**

## ORDER

The Court has received Proposed Findings and Recommendations from United States Magistrate Judge Joe J. Volpe (Dkt. No. 125). Plaintiff Albert Lee Johnson filed objections to the Proposed Findings and Recommendations (Dkt. No. 128). After the Proposed Findings and Recommendations were filed, Mr. Johnson also filed a response in opposition to the defendants' second motion for summary judgment and a statement of facts in support of his response (Dkt. Nos. 126, 127).[1] After a review of the Proposed Findings and Recommendations, and the timely objections received thereto, as well as a *de novo* review of the entire record including Mr. Johnson's response to the motion, the Court adopts the Proposed Findings and Recommendations in part (Dkt. No. 125), grants in part defendants' second motion for summary judgment (Dkt. No. 115), and dismisses with prejudice plaintiff's amended complaint (Dkt. No. 27).

---

[1] Mr. Johnson represents that, prior to the March 5, 2017, deadline set by the Court for filing a response to defendants' second motion for summary judgment (Dkt. No. 124), Mr. Johnson mailed from the Varner Unit of the Arkansas Department of Correction a request for a seven-day extension of time up to and including March 12, 2017, for responding to the motion (Dkt. No. 128, at 9-11). He asserts that, on March 8, 2017, he mailed his response to the motion, and on March 9, 2017, Judge Volpe issued his Proposed Findings and Recommendations without having received his response (Dkt. No. 128, at 11). The Court need not and does not make a ruling as to whether Mr. Johnson's response was timely filed. Instead, as a part of its *de novo* review of the record, the Court has reviewed and considered Mr. Johnson's response to the motion.

## I.     Marilyn Hutcheson

Mr. Johnson did not name defendant Marilyn Hutcheson in his complaint or his amended complaint (Dkt. No. 2; Dkt. No. 27).  Instead, Mr. Johnson identified Ms. Hutcheson as a "John Doe" defendant, and this Court effectively added Ms. Hutcheson as a party pursuant to an instruction from the Eighth Circuit Court of Appeals (Dkt. No. 95).  Judge Volpe granted defendants' second motion for summary judgment and dismissed with prejudice plaintiff's amended complaint in part due to Mr. Johnson's failing to serve Ms. Hutcheson.

Judge Volpe observed that, after Ms. Hutcheson was identified as a defendant,  Mr. Johnson never served Ms. Hutcheson.  Therefore, she did not receive proper notice.  As a result, Judge Volpe reasoned that the Court lacks jurisdiction over Ms. Hutcheson.  *See Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982) (providing that, if service of process is not made in accordance with applicable federal or state statutory requirements, a federal court cannot exercise jurisdiction over the individual, unless the individual voluntarily makes an appearance or waives defective service).  As Mr. Johnson correctly points out in his objections, on October 14, 2016, he requested service of process on substituted "John Doe" defendant Ms. Hutcheson (Dkt. No. 106).  Judge Volpe denied Mr. Johnson's request and specifically stated that "the remaining four defendants have been served." (Dkt. No. 108).  Those four defendants were Ms. Conrad, Ms. Goldman, Ms. Smallwood, and Ms. Hutcheson.  As a result, it is difficult to fault Mr. Johnson for failing to obtain service on Ms. Hutcheson.  The Court rejects that portion of the Proposed Findings and Recommendations that determines Mr. Johnson did not timely serve Ms. Hutcheson and denies in part defendants' second motion for summary judgment on this basis.

In his Proposed Findings and Recommendations, Judge Volpe went on to reason that, even assuming Ms. Hutcheson had been properly named and served by Mr. Johnson, his claim against

her would now be time-barred. That conclusion is correct, and this Court adopts that portion of the Proposed Findings and Recommendations. The statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, as well as the statute of limitations for a personal injury claim in Arkansas, is three years. *See Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991). The amendment made on May 16, 2016, which is the date the Eighth Circuit Court of Appeals identified Ms. Hutcheson by name and directed that she be named as a defendant, does not relate back to the previously filed complaint against a John Doe defendant under Federal Rule of Civil Procedure 15(c)(1)(A)-(C).

An amendment to the pleadings will relate back to the date of the original pleading when: (1) the statute of limitations allows relation back; (2) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or (3) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment either received such notice of the action that it will not be prejudiced in defending it on its merits and the party knew or should have known that the action would have been brought against the party, but for the mistake concerning the party's identity. *See* Fed. R. Civ. P. 15(c); *Foulk v. Charrier*, 262 F.3d 687, 696 (8th Cir. 2001) (explaining that an amendment will not be treated as relating back to the prior pleading, unless certain conditions set forth in Rule 15(c) are satisfied). Mr. Johnson has failed to satisfy those conditions here for the reasons Judge Volpe explained (Dkt. No. 125, at 7-9). Because of this, the statute of limitations on Mr. Johnson's claims against Ms. Hutcheson ran in March 2013, three years after Mr. Johnson became aware that his check was returned to the Veterans Administration. Therefore, Mr. Johnson's claim against Ms. Hutcheson is barred.

## II.    Failure To Exhaust

Defendants Sherry Conrad, Regina Goldman, and Ms. Hutcheson are entitled to summary judgment because Mr. Johnson did not exhaust his administrative remedies.  According to the Prison Litigation Reform Act ("PLRA"), an inmate is required to exhaust prison grievance procedures before filing suit in federal court.  *See* § 42 U.S.C. 1997(e)(a); *Jones v. Bock*, 549 U.S. 199, 204 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002).  ADC Administrative Directive 09-01, "Inmate Grievance Procedure," states that inmates must "exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a § 1983 claim lawsuit" (Dkt. No. 115, at 20).

Mr. Johnson failed to exhaust his administrative remedies against Ms. Conrad, Ms. Goldman, and Ms. Hutcheson because he did not specifically name them in the exhausted grievance (Dkt. No.115-6, at 2).  The first three grievances submitted by Mr. Johnson only named separate defendant Barbara Smallwood (*Id.*, at 33, 42, 57).  While Mr. Johnson named Ms. Goldman and Ms. Hutcheson in his appeal of the first grievance and Ms. Conrad and Ms. Goldman in his appeal of the third grievance, this does not comply with ADC procedure regarding the information required in a Unit Level Grievance Form (Dkt. No. 115-6, at 8).  Mr. Johnson submitted three more grievances approximately two years later naming Ms. Smallwood, Ms. Conrad, and Ms. Goldman, but these grievances were rejected as untimely (Dkt. No. 115-6, at 71, 77, 81).  The Court has considered Mr. Johnson's response to defendants' second motion for summary judgment and the record evidence before the Court.  Construing all of the record evidence in favor of Mr. Johnson, as the Court is required to do at this stage, the Court agrees with Judge Volpe in his determination that Mr. Johnson did not exhaust the grievance process in accordance with ADC procedure as to these three defendants and therefore cannot file suit in federal court

against these defendants.  The Court adopts that portion of the Proposed Findings and Recommendations.

### III.     Qualified Immunity

Finally, the Court approves and adopts the analysis and conclusion in the Proposed Findings and Recommendations regarding qualified immunity.  Mr. Johnson specifically alleges harm from the *delay* in receiving notice that his check was returned (Dkt. No. 27).  For the reasons set forth in the Proposed Findings and Recommendations, the Court concludes defendants are entitled to qualified immunity.

### IV.     Conclusion

Based on the law and these facts, the Court adopts in part the Proposed Findings and Recommendations (Dkt. No. 125), grants in part defendants' second motion for summary judgment (Dkt. No. 115), and dismisses with prejudice plaintiff's amended complaint (Dkt. No. 27).  The relief requested is denied.  All other pending motions are denied as moot.

So ordered this 12th day of September, 2017.

Kristine G. Baker
United States District Judge